IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA GEORGE, | ) |
| | ) |
| PLAINTIFF, | ) CIVIL ACTION NO.: 3:23-CV-00836 |
| | ) |
| v. | ) JURY DEMANDED |
| | ) |
| KJPL RIVERWOOD, LLC, JPL DEVELOPMENT, LLC, AND BACAR CONSTRUCTORS, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT BACAR CONSTRUCTORS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Bacar Constructors, Inc. ("Defendant"), by and through counsel, Gordon Rees Scully Mansukhani, LLP, hereby submits the following Answer and Affirmative Defenses in response to plaintiff Cynthia George's ("Plaintiff") Complaint as follows:

## I. INTRODUCTION

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint but admits that Plaintiff has caused to be filed this action against Defendant and the other named entities captioned above, and refers all questions of law to the Court for determination.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint, and refers all questions of law to the Court for determination.

3. Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 3 of the Complaint as to whether Plaintiff is a handicapped individual or the extent to which Plaintiff might require the use of a wheelchair. Defendant otherwise denies all remaining allegations contained in Paragraph 3 of the Complaint, and refers all questions of law to the Court for determination.

4. Defendant denies all allegations contained in Paragraph 4 of the Complaint and refers all questions of law to the Court for determination.

## II. JURISDICTION AND VENUE

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and refers all questions of law to the Court for determination.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and refers all questions of law to the Court for determination.

## III. PARTIES

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and refers all questions of law to the Court for determination.

9. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that defendant KJPL Riverwood, LLC ("KJPL"), upon information and belief, is the owner of the Property (as defined in the Complaint).

10. Defendant denies having knowledge or information sufficient to form a belief as to the

2

Case 3:23-cv-00836    Document 29    Filed 10/30/23    Page 2 of 13 PageID #: 85

truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies all allegations contained in Paragraph 11 of the Complaint, except admits that it is a Tennessee corporation with a principal place of business at 1898 Nolensville Road, Nashville, Tennessee 37210, and its registered agent is Corporation Service Company, located at 2908 Poston Avenue, Nashville, Tennessee 37203. Defendant otherwise denies all remaining allegations in Paragraph 11 of the Complaint except admits that it entered a contract with KJPL to perform work, limited in scope and duration, as the general contractor for a construction project at the Property.

## IV. STATUTORY BACKGROUND

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

13. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

14. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

15. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint, and refers all questions of law to the Court for determination.

17. Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 17 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

18. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

19. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

## V.     FACTUAL BACKGROUND

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint except admits "Edison at Riverwood" is the name of an apartment complex located at 3816 Dodson Chapel Road, Hermitage, Tennessee 37076, that consists of 352 units spread across nineteen total buildings (including 10 carriage houses), and that five of those buildings are serviced by elevators.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

23. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint, and refers

all questions of law to the Court for determination.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint, and refers all questions of law to the Court for determination.

27. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint, and refers all questions of law to the Court for determination.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint, and refers all questions of law to the Court for determination.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint, and refers all questions of law to the Court for determination.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination. Defendant otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 32 regarding Plaintiff's return to the Property.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint, which are call for a legal conclusion, and refers all questions of law to the Court for determination.

5

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint, and all subparts thereunder, which call for a legal conclusion, and refers all questions of law to the Court for determination.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint, and all subparts thereunder, which call for a legal conclusion, and refers all questions of law to the Court for determination.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

## VI.    CAUSE OF ACTION

38. Defendant repeats, reiterates and reaffirms each and every response to the allegations contained in the preceding Paragraphs 1 – 37 of the Complaint, the same as if set forth herein as a response to this Paragraph 38 of the Complaint.

39. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

40. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

41. Defendant denies having knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 41 of the Complaint, which call for a legal conclusion, and refers all questions of law to the Court for determination.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint, and all subparts thereunder, which call for a legal conclusion, and refers all questions of law to the Court for determination.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint, and refers all questions of law to the Court for determination.

## VII. PRAYER FOR RELIEF

44. Defendant denies all allegations contained in paragraphs 'a' – 'h' and all subparts thereto, in the Prayer for Relief section of the Complaint. Defendant further denies that Plaintiff is entitled to any of the relief requested therein. Any and all allegations not heretofore admitted, denied or otherwise explained is hereby denied as fully as though specifically denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No contract, implied or otherwise, was ever formed between Plaintiff and Defendant that could possibly invoke any obligation, duty of care or otherwise owed by Defendant to Plaintiff, or from which any inference could exist of a presumed intention or even simple meeting of the minds to that effect.

### THIRD AFFIRMATIVE DEFENSE

As the investigation into Plaintiff's claims is still in the initial stages, Defendant hereby reserves the right to amend this Answer as additional information acquired or developed throughout the course of discovery and investigation might warrant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may be barred from bringing this action against Defendant by the applicable statute of limitations and/or applicable statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages, if any, and said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any. As such, Plaintiff should be barred or limited from recovering damages from Defendant based upon her failure to mitigate her damages.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrines of laches, waiver and equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring this action against Defendant because Plaintiff does not qualify as a "handicapped individual" under the Fair Housing Act.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every purported cause of action set forth therein, is too vague and uncertain to provide a reasonable basis for granting relief.

**NINTH AFFIRMATIVE DEFENSE**

Defendant denies that it breached any duty that might possibly have been owed or engaged in any negligent conduct that proximately caused or contributed to any of the damages complained of by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

At all times, Defendant conducted its practices in good faith and in accordance with all applicable statutes, codes, laws, rules, regulations, industry best practices, standards of care, etc., and without malice or discriminatory intent.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's actions were not wanton nor taken with reckless disregard for Plaintiff's rights.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that they seek excessive damages from Defendant that, if awarded, would result in an unjust enrichment conferred upon Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Property is not a "dwelling" within the meaning of the Fair Housing Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring her claims as Plaintiff has suffered no cognizable injury.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Should any damages be awarded, Defendant should not be liable for any consequential damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If it becomes apparent that Plaintiff has engaged in testing, destructive testing and/or spoliation of evidence, and to the extent that Defendant was not afforded reasonable opportunity to be present at or involved in any such testing and/or destructive testing, then Defendant relies upon the Doctrine of Spoliation of Evidence and T.R.C.P. Rule 34(A) as grounds for sanctions against Plaintiff, including without limitation, dismissal with prejudice of all claims alleged against Defendant in this Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any and all claims for punitive damages set forth in the Complaint violate the Eight and Fourteenth Amendments of the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Given the facts underlying this dispute, any award of punitive or exemplary damages to Plaintiff would violate Defendant's rights to procedural due process and to substantive due process as provided by the Fifth and the Fourteenth Amendments to the United States Constitution.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were not proximately caused in any way by this

9
Case 3:23-cv-00836    Document 29    Filed 10/30/23    Page 9 of 13 PageID #: 92

Defendant. The injuries and damages complained of by Plaintiff were not caused by Defendant, but instead were caused by parties, entities and/or circumstances beyond any possible control of Defendant. As such, there should be no recovery awarded against this Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Should Defendant be found liable to Plaintiff, which liability is expressly denied, Defendant is entitled to have any damages awarded or recovered by Plaintiff therewith be abated, reduced or eliminated to the extent to which the negligence, carelessness or fault is attributable to non-parties to this action, including the architects involved in this project, Parker Associates Tulsa, LLC, and B3 Studio, Inc., and engineer, Ragan Smith Associates, Inc.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of comparative fault, and specifically alleges that Plaintiff's alleged damages were caused in whole or in part by the act and/or omissions of other parties to this lawsuit, including Plaintiff herself.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that the alleged damages and/or injuries of Plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims that Plaintiff asserts against Defendant should be barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any and all services provided by this Defendant were done in strict conformity and compliance with the instructions and specifications provided by the architects involved in this project, Parker Associates Tulsa, LLC, and B3 Studio, Inc., the engineer, Ragan Smith Associates, Inc., and the property owner, KJPL.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for work not listed in the architect's plans are barred for lack of agreement or consideration.

Dated: October 30, 2023

>Respectfully Submitted,
>
>GORDON REES SCULLY
>MANSUKHANI, LLP
>
>*/s/ Adam J. Hiller*
>Adam J. Hiller (BPR No. 039103)
>4031 Aspen Grove Drive, Suite 290
>Franklin, TN 37067
>Phone: (615) 772-9000
>ahiller@grsm.com
>
>*Attorneys for Defendant*
>*Bacar Constructors, Inc.*

**CERTIFICATE OF SERVICE**

  I do hereby certify that Defendant Bacar Constructors, Inc.'s Answer and Affirmative Defenses have been provided via the Court's electronic filing system to counsel of record including the following on this 30th day of October, 2023:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TN 75080
eric@ecalhounlaw.com
*Attorney for Plaintiff*


Michelle B. Owens
Agee, Owens & Cooper LLC
2911 Elm Hill Pike
Nashville, TN 37214
mowens.law@gmail.com
*Attorney for Plaintiff*


Jennifer S. Rusie, Esq.
Jackson Lewis, PC
CitySpace
611 Commerce Street
Suite 2803
Nashville, TN 37203
Jhennifer.rusie@jacksonlewis.com
*Attorney for Defendant KJPL Riverwood, LLC*


Jason K. Murrie
Rebecca M. Demaree
Victoria L. Rohloff
200 Athens Way, Suite 200
Nashville, TN 37228
jkmurrie@cclawtn.com
rwdemaree@cclawtn.com
vlrohloff@cclawtn.com
Attorneys for Defendant JPL Development, LLC

Gregory L. Cashion
Smith Cashion & Orr, PLC
One American Center
3100 West End Avenue, Suite 800
Nashville, TN 37203
gcashion@smithcashion.com
*Attorney for Bacar Constructors, Inc.*

                                                  */s/ Adam J. Hiller* _____
                                                  Adam J. Hiller