IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA GEORGE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:23-CV-00836 |
| KJPL RIVERWOOD, LLC; JPL DEVELOPMENT, LLC; and BACAR CONSTRUCTION, INC. | ) District Judge Aleta A. Trauger |
| Defendants. | ) |

## ANSWER OF JPL DEVELOPMENT, LLC

Defendant JPL Development, LLC (hereinafter, "JPL"), submits this Answer and Affirmative Defenses in response to the Complaint filed by Cynthia George ("Plaintiff") as follows:

1. It is admitted that Plaintiff seeks to allege a cause of action as stated in the Complaint. It is denied that JPL has any liability to Plaintiff for any cause of action as stated.

2. It is admitted that Plaintiff seeks to allege a cause of action as stated in the Complaint. It is denied that JPL has any liability to Plaintiff for any cause of action as stated.

3. Defendant JPL lacks sufficient information to admit or deny the allegations of Plaintiff's alleged handicap. The remaining allegations are denied.

4. Denied.

5. Jurisdiction of this court is admitted for the allegations as stated in the Complaint.

6. Admitted.

7. Venue in this jurisdiction is not disputed.

1

8. Defendant JPL lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore the same are denied.

9. The allegations contained in this paragraph do not address JPL and therefore no answer is required.

10. Defendant JPL admits the allegations in the first sentence of this paragraph. JPL denies the allegations contained in the second sentence of this paragraph for lack of sufficient information or knowledge as to the undefined term "developer". In response to the third sentence of this paragraph, JPL admits that it facilitated certain elements of the design and construction of the housing units constructed at the Property. In response to the fourth sentence of this paragraph, JPL admits that it contracted with third parties to design and build the housing units constructed at the Property, but JPL subsequently assigned such agreements to KJPL Riverwood, L.L.C. Any allegation contained in this paragraph which is inconsistent with the foregoing is denied.

11. The allegations contained in this paragraph do not address JPL and therefore no answer is required.

12. The contents of paragraph 12 appear to be conclusory statements about the legal framework of the FHA and do not require an answer from this defendant. Nevertheless, and to the extent that the allegations contained in this paragraph are inconsistent with the legal authority cited, the same are denied.

13. The contents of paragraph 13 and its subparts appear to be conclusory statements about the legal framework of the FHA and do not require an answer from this defendant. Nevertheless, and to the extent that the allegations contained in this paragraph are inconsistent with the legal authority cited, the same are denied.

14. The contents of paragraph 14 appear to be conclusory statements about the legal framework of the FHA and do not require an answer from this defendant. Nevertheless, and to the extent that the allegations contained in this paragraph are inconsistent with the legal authority cited, the same are denied.

15. The contents of paragraph 15 appear to be conclusory statements about the legal framework of the FHA and do not require an answer from this defendant. Nevertheless, and to the extent that the allegations contained in this paragraph are inconsistent with the legal authority cited, the same are denied.

16. Denied as to defendant JPL.

17. The contents of paragraph 17 appear to be conclusory statements about the legal framework of the FHA and do not require an answer from this defendant. Nevertheless, and to the extent that the allegations contained in this paragraph are inconsistent with the legal authority cited, the same are denied.

18. The contents of paragraph 18 appear to be conclusory statements about the legal framework of the FHA and do not require an answer from this defendant. Nevertheless, and to the extent that the allegations contained in this paragraph are inconsistent with the legal authority cited, the same are denied.

19. The contents of paragraph 19 appear to be conclusory statements about the legal framework of the FHA and do not require an answer from this defendant. Nevertheless, and to the extent that the allegations contained in this paragraph are inconsistent with the legal authority cited, the same are denied.

20. In response to the allegations contained in Paragraph 20, it is admitted only that there are 342 apartment units which are contained within multiple apartment buildings located on

the referenced Property. This is in addition to other building types also located on the Property. It is admitted that there are multiple elevators serving multiple apartment buildings. It is admitted that the "Edison at Riverwood" apartment complex is located at 3816 Dodson Chapel Road, Hermitage, Tennessee 37076. Any and all allegations contained within Paragraph 20 which are inconsistent with the foregoing are denied.

21. Admitted.

22. The allegations contained in Paragraph 22 call for a legal conclusion, to which no response is required from this defendant at this time. In the event a response is deemed necessary, JPL denies the allegations contained in Paragraph 22 for lack of sufficient information.

23. The allegations contained in Paragraph 23 call for a legal conclusion, to which no response is required from this defendant at this time. In the event a response is deemed necessary, JPL denies the allegations contained in Paragraph 23 for lack of sufficient information.

24. Defendant JPL lacks sufficient information to admit or deny the allegations in this paragraph and therefore the same are denied.

25. Defendant JPL denies the allegations in this paragraph insofar as they allege any denial of FHA accessibility requirements by JPL.

26. Defendant JPL denies the allegations in this paragraph insofar as they allege any denial of FHA accessibility requirements by JPL.

27. Defendant JPL lacks sufficient information to admit or deny the specific "concerns" of Plaintiff and the same are therefore denied.

28. Denied.

29. Defendant JPL denies the allegations in this paragraph insofar as they allege any denial of FHA accessibility requirements by JPL.

30. Defendant JPL denies the allegations in this paragraph insofar as they allege any denial of FHA accessibility requirements by JPL. Specifically, defendant JPL denies that it is liable for any damages or relief whatsoever as alleged in paragraph 30.

31. Denied.

32. Denied.

33. Denied as to defendant JPL.

34. The allegations contained in paragraph 34, and its subparts, are denied as to defendant JPL.

35. Denied as to defendant JPL.

36. The allegations contained in paragraph 36, and its subparts, are denied as to defendant JPL.

37. Denied as to defendant JPL.

38. Defendant JPL reincorporates its responses to the allegations of the Complaint paragraphs 1-37.

39. Defendant JPL lacks sufficient information to admit or deny the allegations in the paragraph and therefore the same are denied.

40. Defendant JPL lacks sufficient information to admit or deny the allegations in the paragraph and therefore the same are denied.

41. Defendant JPL lacks sufficient information to admit or deny the allegations in the paragraph and therefore the same are denied.

42. The allegations contained in paragraph 42, and its subparts, are denied as to defendant JPL.

43. Denied.

44. Defendant JPL denies that it is liable for any damages or relief whatsoever as alleged in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted as to defendant JPL.

2. To the extent that plaintiff has failed to mitigate her damages, plaintiff's recovery must be reduced or barred.

3. To the extent that the plaintiff's claims are barred by any applicable statute of limitations or of repose, plaintiff's claims should be dismissed.

4. To the extent that plaintiff's claims in whole or in part are barred by the doctrines of laches, waiver, and equitable estoppel the same should be dismissed.

5. Plaintiff's damages, if any are proven, were not caused or contributed to by any action or inaction of defendant JPL. To the extent that defendant JPL is found to be liable to plaintiff for any damages whatsoever, the damages should be reduced or eliminated to the extent of the negligence, carelessness, or fault of any non-parties to this action.

6. Defendant JPL alleges that plaintiff's damages, if any, were caused in whole or in part by the acts or omissions of the other defendants to this action and asserts the doctrine of comparative fault against the additional defendants as well as the plaintiff to this action.

7. Any allegations of the Complaint not specifically admitted or denied are hereby denied.

Respectfully submitted,

s/Jason K. Murrie
Rebecca W. Demaree, #13994
Jason K. Murrie, #27441
Victoria L. Rohloff, #40310
Cornelius & Collins, LLP
211 Athens Way, Suite 200
Nashville, TN 37228
(615) 244-1440
rwdemaree@cclawtn.com
jkmurrie@cclawtn.com
vlrohloff@cclawtn.com

*Counsel for JPL Development, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing has been provided via the Court's electronic filing system to counsel of record including the following on this 31st day of October, 2023:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
eric@ecalhounlaw.com

*Attorney for Plaintiff*

Adam J. Hiller
Gordon Rees Scully Mansukhani, LLP
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
ahiller@grsm.com

*Attorneys for Defendant Bacar Constructors, Inc.*

Jennifer S. Rusie
Jackson Lewis, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Jennifer.rusie@jacksonlewis.com

*Attorneys for Defendant KJPL Riverwood, LLC*

Michelle B. Owens
Agee Owens & Cooper, LLC
2911 Elm Hill Pike
Nashville, TN 37214
mowens.law@gmail.com

*Attorney for Plaintiffs*

Gregory Lee Cashion
Smith, Cashion & Orr, PLC
One American Center
3100 West End Avenue
Suite 800
Nashville, TN 37203
gcashion@smithcashion.com

*Attorneys for Defendant Bacar Constructors, Inc.*

                           *s/Jason K. Murrie*
                           Jason K. Murrie

8

Case 3:23-cv-00836   Document 30   Filed 10/31/23   Page 8 of 8 PageID #: 104