IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:23cv00836 |
| | § | |
| KJPL RIVERWOOD, LLC, JPL | § | Judge Aleta A. Trauger |
| DEVELOPMENT, LLC, and BACAR | § | |
| CONSTRUCTORS, INC., | § | **JURY DEMANDED** |
| | § | |
| KJPL. | § | |

## ANSWER OF DEFENDANT KJPL RIVERWOOD, LLC TO COMPLAINT

KJPL, for their Answer to the Complaint of Plaintiff Cynthia George, assert the following admissions, defenses, and denials:

1. KJPL denies the allegations set forth in Paragraph 1 of the Complaint.

2. KJPL denies the allegations set forth, in Paragraph 2 of the Complaint.

3. KJPL denies the allegations set forth in Paragraph 3 of the Complaint.

4. KJPL denies the allegations set forth in Paragraph 4 of the Complaint.

5. KJPL admits the allegations set forth in Paragraph 5 of the Complaint.

6. KJPL admits that it conducts business in this District. KJPL denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. KJPL admits that venue is proper in this District. KJPL denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. KJPL is without knowledge sufficient to set forth a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

9. KJPL admits the allegations set forth in Paragraph 9 of the Complaint.

10. KJPL is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11. KJPL is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12. The statements contained in Paragraph 12 of the Complaint are not allegations to which a response is required.

13. The statements contained in Paragraph 13 of the Complaint are not allegations to which a response is required.

14. The statements contained in Paragraph 14 of the Complaint are not allegations to which a response is required.

15. The statements contained in Paragraph 15 of the Complaint are not allegations to which a response is required.

16. KJPL denies the allegations set forth in Paragraph 16 of the Complaint.

17. The statements contained in Paragraph 17 of the Complaint are not allegations to which a response is required.

18. The statements contained in Paragraph 18 of the Complaint are not allegations to which a response is required.

19. The statements contained in Paragraph 19 of the Complaint are not allegations to which a response is required.

20. KJPL denies that there are 342 units at the Property. KJPL admits the remaining allegations set forth in Paragraph 20 of the Complaint.

21. KJPL admits the allegations set forth in Paragraph 21 of the Complaint.

22. KJPL admits the allegations set forth in Paragraph 22 of the Complaint.

23. KJPL admits the allegations set forth in Paragraph 23 of the Complaint.

24. KJPL denies the allegations set forth in Paragraph 24 of the Complaint.

25. KJPL denies the allegations set forth in Paragraph 25 of the Complaint.

26. KJPL denies the allegations set forth in Paragraph 26 of the Complaint.

27. KJPL denies the allegations set forth in Paragraph 27 of the Complaint.

28. KJPL denies the allegations set forth in Paragraph 28 of the Complaint.

29. KJPL denies the allegations set forth in Paragraph 29 of the Complaint.

30. KJPL denies the allegations set forth in Paragraph 30 of the Complaint.

31. KJPL denies the allegations set forth in Paragraph 31 of the Complaint.

32. KJPL denies the allegations set forth in Paragraph 32 of the Complaint.

33. KJPL denies the allegations set forth in Paragraph 33 of the Complaint.

34. KJPL denies the allegations set forth in Paragraph 34 of the Complaint.

35. KJPL denies the allegations set forth in Paragraph 35 of the Complaint.

36. KJPL denies the allegations set forth in Paragraph 36 of the Complaint.

37. KJPL denies the allegations set forth in Paragraph 37 of the Complaint.

38. KJPL incorporate their responses to Paragraphs 1-37 by reference.

39. KJPL admits the allegations set forth in Paragraph 39 of the Complaint.

40. KJPL denies the allegations set forth in Paragraph 40 of the Complaint.

41. KJPL admits the allegations set forth in Paragraph 41 of the Complaint.

42. KJPL denies the allegations set forth in Paragraph 42 of the Complaint.

43. KJPL denies the allegations set forth in Paragraph 43 of the Complaint.

44. KJPL denies any allegation not specifically admitted.

45. KJPL denies that Plaintiff is entitled to any relief from KJPL.

# AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

## SECOND DEFENSE

Plaintiff's claims are barred because KJPL has substantially complied with any and all federal, state, or local statutes, regulations, constitutional provisions, common laws, or public policies and have caused no damage or injury to Plaintiff.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent Plaintiff is not disabled as defined by the FHA.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

## FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation or other periods of limitation.

## SIXTH DEFENSE

At all times relevant to this action, KJPL's actions were in good faith and KJPL had reasonable grounds for believing those actions were not in violation of any law.

## SEVENTH DEFENSE

An exemption under 42 U.S.C. § 3603(b) applies.

## EIGHTH DEFENSE

There is no causal connection between KJPL's action or inaction and any injury allegedly suffered by Plaintiff.

## NINTH DEFENSE

Any injury suffered by Plaintiff is conjectural and/or hypothetical. Plaintiff has not suffered a concrete particularized injury caused by KJPL and may not recover compensatory damages.

## TENTH DEFENSE

Plaintiff did not intend to reside at or make use of the goods or services of KJPL's location identified in the Complaint and therefore lacks standing to bring these claims.

## ELEVENTH DEFENSE

Plaintiff lacks standing to challenge the alleged barriers to access in areas of the subject property that she did not visit prior to filing her Complaint.

## TWELFTH DEFENSE

Plaintiff has not suffered and is not suffering irreparable harm and, as such, no injunctive or declaratory relief is warranted.

## THIRTEENTH DEFENSE

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of KJPL's alleged violations of the FHA; as such, Plaintiff lacks standing to pursue her claims.

## FOURTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the

physical property at issue for their intended purpose. KJPL assert that *de minimis* violations of federal regulations are not actionable or enjoinable.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate her damages and failed to meet conditions precedent to bringing this suit including, but not limited to, failing to provide KJPL with adequate notice of the alleged deficiencies and failing to give KJPL any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to punitive damages as KJPL has not acted with the requisite intent.

## SEVENTEENTH DEFENSE

The Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## EIGHTEENTH DEFENSE

KJPL is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of KJPL's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under the Fair Housing Act and/or applicable state and local housing and/or accommodation laws.

## NINETEENTH DEFENSE

The removal of any barriers by KJPL is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

**TWENTIETH DEFENSE**

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations KJPL have undertaken.

**TWENTY-FIRST DEFENSE**

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

**TWENTY-SECOND DEFENSE**

Plaintiff may lack clean hands or possess an improper purpose in filing this action, thus barring equitable remedies. Plaintiff's primary motive in filing this action may be the generation of attorneys' fees and expert witness payments.

**TWENTY-THIRD DEFENSE**

Plaintiff is not entitled to recover attorneys' fees under the FHA to the extent KJPL have taken or will take appropriate measures to remedy the alleged barriers to access.

**TWENTY-FOURTH DEFENSE**

KJPL is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which KJPL is not responsible.

**TWENTY-FIFTH DEFENSE**

KJPL is immune to liability for some or all of the alleged accessibility barriers asserted by Plaintiff in her Complaint under applicable safe harbor provisions.

## TWENTY-SIXTH DEFENSE

Plaintiff failed to provide notice to KJPL of any alleged barriers to access in order to allow an opportunity to correct any such deficiencies and, therefore, Plaintiff cannot support a claim for recovery of costs or attorneys' fees.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## TWENTY-EIGTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Plaintiff's failure to state a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to state a date or dates on which she allegedly encountered barriers at the physical property at issue.

## TWENTY-NINTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent that Plaintiff's claims are subject to the doctrines of res judicata and/or collateral estoppel based on Plaintiff's prior actions or litigation.

Submitted this 29th day of November, 2023.

Respectfully submitted:

/s/ Jennifer S. Rusie
Jennifer S. Rusie, Esq.
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
615-483-5702
jennifer.rusie@jacksonlewis.com

Attorneys for KJPL RIVERWOOD LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2023, the foregoing was served via the Court's ECF system upon the following:

M. Todd Sandahl
234 First Avenue South
Franklin, TN 37064
tsandahl@mtslaw.com

Eric G. Calhoun
1595 N. Central Expressway
Richardson, TX 75080
Eric@ecalhounlaw.com

Michelle Owens
2911 Elm Hill Pike
Nashville, TN 37211
mowens@ageeowenslaw.com

*Attorneys for Plaintiff*

Gregory Lee Cashion
One American Center
3100 West End Avenue, Suite 800
Nashville, TN 37203
gcashion@smithcasion.com

*Attorneys for Defendant Bacar Constructors, Inc.*

Adam J. Hiller
1 Battery Park Plaza
28th Floor
New York, NY 10004
ahiller@grsm.com

*Attorneys for Defendant Bacar Constructors, Inc.*

Rebecca Wells Demaree
Jason K. Murrie
Victoria Lynn Rohloff
211 Athens Way, Suite 200
Nashville, TN 37228
rwdemaree@cclawtn.com
jkmurrie@cclawtn.com
vlrhloff@cclawtn.com

*Attorneys for Defendant JPL Development, LLC*

/s/ Jennifer S. Rusie
Jennifer R. Rusie

4865-5305-2564, v. 1