# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| CHELSIE NITSCHKE and CYNTHIA GEORGE, | § § § | |
| | § | Civil Action No. 3:23-CV-00836 |
| Plaintiff, | § § | |
| v. | § § | **JURY DEMANDED** |
| | § | |
| KJPL RIVERWOOD, LLC, JPL DEVELOPMENT, LLC, and BACAR CONSTRUCTORS, INC., | § § § § | |
| | § | |
| Defendants. | | |

## DEFENDANT BACAR CONSTRUCTORS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant BACAR Constructors, Inc. ("Defendant"), by its undersigned counsel, and answers Plaintiffs Cynthia George's and Chelsie Nitschke's First Amended Complaint as follows:

## RESPONSES

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 1 of the complaint.

2. Denied.

3. Denied.

4. Denied.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 5 of the complaint.

6. Defendant admits that it does business in this judicial district. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph No. 6 of the complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 7 of the complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 8 of the complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 9 of the complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 10 of the complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 11 of the complaint.

12. Denied.

13. To the extent the allegations of Paragraph 13 call for a legal conclusion, no response is required. All remaining allegations are denied.

14. To the extent the allegations of Paragraph 14 call for a legal conclusion, no response is required. All remaining allegations are denied.

15. To the extent the allegations of Paragraph 15 call for a legal conclusion, no response is required. All remaining allegations are denied.

16. To the extent the allegations of Paragraph 16 call for a legal conclusion, no response is required. All remaining allegations are denied.

17. Denied.

18. To the extent the allegations of Paragraph 18 call for a legal conclusion, no response is required. All remaining allegations are denied.

19. To the extent the allegations of Paragraph 19 call for a legal conclusion, no response is required. All remaining allegations are denied.

20. To the extent the allegations of Paragraph 20 call for a legal conclusion, no response is required. All remaining allegations are denied.

21. Denied.

22. Admitted.

23. To the extent the allegations of Paragraph 23 call for a legal conclusion, no response is required. All remaining allegations are denied.

24. To the extent the allegations of Paragraph 24 call for a legal conclusion, no response is required. All remaining allegations are denied.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 25 of the complaint.

26. Denied.

27. Denied.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 28 of the complaint.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendant repeats and realleges as if fully set forth herein its responses to the allegations in preceding paragraphs of the complaint.

40. To the extent the allegations of Paragraph 40 call for a legal conclusion, no response is required. All remaining allegations are denied.

41. To the extent the allegations of Paragraph 41 call for a legal conclusion, no response is required. All remaining allegations are denied.

42. To the extent the allegations of Paragraph 42 call for a legal conclusion, no response is required. All remaining allegations are denied.

43. Denied.

44. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any legal, equitable, or other relief from this Defendant, and Plaintiff's action is barred as a matter of law to the extent it seeks any relief from this Defendant.

## THIRD AFFIRMATIVE DEFENSE

An exemption under 42 U.S.C. § 3603(b) applies.

## FOURTH AFFIRMATIVE DEFENSE

Defendant would affirmatively aver and allege that the damages are not the proximate result nor causal result of any alleged act or failure by this Defendant, and therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead or assert additional defenses and/or cross, counter, or third party claims should such be necessary and/or appropriate.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise, during the litigation of this case.

## SEVENTH AFFIRMARTIVE DEFENSE

Plaintiff has not alleged that Plaintiff otherwise meets the qualifications to buy or rent the property, and no reasonable accommodation would render the Plaintiff qualified.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing by alleging a generalized grievance common to a large number of citizens. Plaintiff has not alleged that Plaintiff personally suffered some actual or threatened injury as a result of putatively illegal conduct.

## NINTH AFFIRMATIVE DEFENSE

Any injury suffered by Plaintiffs is conjectural and/or hypothetical. Plaintiffs have no suffered a concrete nor particularized injury caused by Defendant and may not recover compensatory damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks any basis for seeking punitive damages against this Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Any allegations of Plaintiffs' First Amended Complaint not specifically admitted or denied are hereby denied.

WHEREFORE, having fully answered, Defendant denies the allegations contained in the Prayer for Relief, denies each and every allegation not previously addressed, denies that it in any way caused or contributed to Plaintiffs' alleged injuries or damages, denies that it is liable to Plaintiffs in any sum or sums, and prays that the Complaint be dismissed with costs and attorney's fees taxed to Plaintiffs.

Respectfully submitted,

/s/ Joseph A. Tisone
Gregory L. Cashion (BPR # 10697)
Joseph A. Tisone (BPR # 41169)
SMITH CASHION & ORR, PLC
231 Third Avenue, North
Nashville, Tennessee 37201
(615) 742-8554
gcashion@smithcashion.com
jtisone@smithcashion.com
*Attorneys for Defendant Bacar Constructors, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that notice has been provided via the Court's electronic filing system to counsel of record including the following on this 9th day of May, 2024:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
eric@ecalhounlaw.com
*Attorney for Plaintiffs*

M. Todd Sandahl
Attorney at Law
234 First Avenue South
Franklin, TN 37064
tsandahl@mtslaw.com
*Attorney for Plaintiffs*

Jason K. Murrie
Rebecca M. Demaree
Victoria L. Rohloff
Cornelius & Collins, LLP
211 Athens Way, Suite 200
Nashville, TN 37228
jkmurrie@cclawtn.com
rwdemaree@cclawtn.com
vlrohloff@cclawtn.com
*Attorneys for JPL Development, LLC*

Jennifer S. Rusie
Jackson Lewis, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Jennifer.rusie@jacksonlewis.com
*Attorney for Defendant KJPL Riverwood, LLC*

/s/ Joseph A. Tisone

Page 7 of 7