# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA GEORGE, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 3:23−cv−00836 |
| | § | |
| v. | § | Judge Aleta A. Trauger |
| | § | |
| KJPL RIVERWOOD, LLC, JPL | § | **JURY DEMANDED** |
| DEVELOPMENT, LLC, and BACAR | § | |
| CONSTRUCTORS, INC., | § | |
| | § | |
| Defendants. | § | |

## INITIAL CASE MANAGEMENT ORDER [SECOND AMENDED]

A.       JURISDICTION:       The court has jurisdiction pursuant to 28 U.S.C. §1331

and 42 U.S.C. § § 3613(a).

B.       BRIEF THEORIES OF THE PARTIES:

1)       PLAINTIFF:

Plaintiff Cynthia George ("Plaintiff"), a disabled individual, brings

this action against KJPL Riverwood, LLC, JPL Development, LLC, and Bacar

Constructors, Inc. ("Defendants"), alleging violations of the Fair Housing Act,

Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing

Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619.

The FHA specifically requires that apartment complexes built for

first occupancy after March 13, 1991, be designed and constructed with

certain minimum accessible features for people with disabilities.

All common areas, public areas and ground floor units and units served by elevators are required to comply with the FHA accessibility requirements.

Plaintiff brings this civil rights action against Defendants based on the Defendants' failure to design and/or construct apartments with accessible features for people with disabilities as required by the FHA. Defendants' apartment complex, the Edison at Riverwood, 3816 Dodson Chapel Road, Hermitage, Tennessee 37076 (the "Property"), which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA. Plaintiff also seeks damages as permitted by federal law.

2) DEFENDANTS:

Defendant KJPL Riverwood, LLC ("KJPL") denies Plaintiff's claims and denies that Plaintiff is entitled to recover damages or attorney's fees from Defendant KJPL. Defendant KJPL further denies that Plaintiff has standing to bring claims against Defendant KJPL as she has not suffered an injury in fact.

Defendant BACAR Constructors, Inc. ("BACAR") denies all claims and relief sought by the Plaintiff. BACAR denies that Plaintiff has standing to assert claims against BACAR. BACAR asserts that every purported cause of action is too vague and uncertain to provide a reasonable basis for granting relief, and Plaintiff seeks excessive damages

that if awarded would result in unjust enrichment conferred upon Plaintiff. BACAR asserts that at all times, BACAR conducted its practices in good faith and in accordance with all applicable statutes, codes, laws, rules, regulations, industry best practices, standards of care, etc., and without malice or discriminatory intent.

Defendant JPL Development, LLC ("JPL") was involved in the subject project to the extent it facilitated certain elements of the design and construction of the housing units constructed at the Property. Although JPL contracted with certain third parties to design and build the housing units constructed at the Property, JPL subsequently assigned those agreements to Defendant KJPL Riverwood, LLC. JPL denies that it is liable to Plaintiff for any damages under the FHA or any other theory that has been or may be raised by the Plaintiff in this action. JPL reserves the right to assert any additional affirmative defenses as discovery progresses in this matter.

C.      ISSUES RESOLVED: Jurisdiction and venue.

D.      ISSUES STILL IN DISPUTE: Standing, liability and damages.

    1.      Does Plaintiff have standing to pursue her claims?

    2.      Did Defendants participate in the design or construction of the Apartments?

    3.      Are there any features of the Apartments that fail to comply with FHA or ADA design and construction requirements?

    4.      If so, which features are noncompliant and what remediation is appropriate?

    5.      What damages and injunctive relief should be awarded.

E.      INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **January 19, 2024**.

F.      DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **September 19, 2024**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G.      MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **October 4, 2024**.

INITIAL CASE MANAGEMENT ORDER [AMENDED]– Page 4

DISCLOSURE OF EXPERTS: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 19, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before thirty (30) days after receipt of Plaintiff's expert report. Plaintiff may serve a rebuttal report within thirty (30) days after receipt of Defendants' report.

Plaintiff's position is that, to complete an expert report, Plaintiff will need access to the public and common areas of the apartment complex as well as a representative sampling of a number of two (2) of each unit type approximately sixty (60) days before the due date.

Defendants are required to make detailed before and after records of any modifications made before the inspection, including photographs and measurements.

H.    DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **November 19, 2024**.

I.    JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **November 8, 2024**. Defendants' position is that the Court ordered Plaintiff to make a monetary demand prior to the date of the Joint Mediation Report far enough in advance of the date of the Joint Mediation Report so that Defendants could evaluate the demand and determine if mediation would be successful. Plaintiff's position is that the substance of settlement demands, responses, etc.do not belong in the Case Management Order, but that if Plaintiff is

required by this Order to make a monetary demand, Defendants should be required to make a monetary offer prior to the Joint Mediation Report deadline so she can determine if mediation could be productive.

J.     DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **January 21, 2025**. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>25</u> <u>pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

K.     ELECTRONIC DISCOVERY. The default standard contained in Administrative Order No. 174-1 applies to this case. The parties shall produce emails and other electronic information in reasonably usable form.

L.     ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 2-3 days. The parties request a trial in **May 2025**.

It is so **ORDERED.**

_____
**U.S. DISTRICT JUDGE**

APPROVED FOR ENTRY:

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Attorney for Plaintiff

_____
Jennifer S. Rusie
Attorney for Defendant
KJPL Riverwood, LLC


_____
Rebecca M. Demaree
Jason K. Murrie
Attorney for Defendant
JPL Development, LLC

_/s/ Joseph A. Tisone_____
Gregory L. Cashion
Joseph A. Tisone
Attorney for Defendant
Bacar Constructors, Inc.